# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 96-60781
Summary Calendar
_____

JESUS  R. MEDRANO,

                                                                    Petitioner,

versus

ARMY AND AIR FORCE EXCHANGE SERVICES;
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

                                                                    Respondents.

_____

Petition for Review of a Final Order
of the Benefits Review Board
(95-1611)
_____

September 17, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

On May 4, 1995, an Administrative Law Judge (ALJ) with the United States Department of

Labor determined that Medrano's entitlement to total disability benefits under the Longshore and

Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-50, ended on March 24, 1993.

The ALJ reached this decision after finding that suitable alternate employment was available for

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Medrano after this date. The Benefits Review Board summarily affirmed this decision,[2] and Medrano now appeals.

Medrano raises two claims on appeal. First, that the ALJ's finding that suitable alternative employment existed for Medrano was not supported by substantial evidence. Second, that an earlier finding by the Social Security Administration (SSA) that Medrano was permanently disabled was binding on the ALJ in this case. With respect to Medrano's first claim, we have thoroughly reviewed the record and concluded that the ALJ's finding that suitable alternative employment existed for Medrano was supported by substantial evidence. With respect to Medrano's second claim, we note that the prior finding of disability by the SSA was not binding on the ALJ. See, e.g., Trevan v. Office of Personnel Management, 69 F.3d 520 (Fed. Cir. 1995) (holding that a finding of disability by the SSA does not compel a finding of disability under the Federal Employees Retirement System Act because there is no evidence that Congress intended SSA determinations to have this preclusive effect). Further, the requirements of collateral estoppel have simply not been met in this case because the standards for disability differ under the Social Security Act and the LHWCA and because the finding of disability by the SSA was made before Medrano had completed extensive rehabilitative therapy and been evaluated by his treating physician. See Kidwell v. Department of the Army, Bd. for Correction of Military Records, 56 F.3d 279 (D.C. Cir. 1995) (denying preclusive effect to a SSA finding of disability because the Army's standard for disability was different); Robbins v. Secretary of Health and Human Servs., 895 F.2d 1223 (8th Cir. 1990) (noting that principles of preclusion will not be applied to a SSA disability determination when there is "evidence of a change in [the claimant's] condition from the time of the first claim"); Horton v. Hartford Life Ins. Co., 570 F.

---

[2] By operation of law, the ALJ's decision was affirmed when the Benefits Review Board did not review it within thirty days of its being filed with the deputy commissioner. 33 U.S.C. § 921.

Supp. 1120 (N.D. Miss. 1983) (refusing to give a SSA finding on disability preclusive effect because it was based on a different definition of disability). Therefore, we AFFIRM the decision of the Benefits Review Board.

PETITION DENIED